UNITED STATES of America Plaintiff,

v.

**Gregory JACKSON, Defendant.**

**No. CR. 02–371(RJL).**

United States District Court, District of Columbia.

Nov. 12, 2003.

Charles Joseph Harkins, Jr., U.S. Attorney's Office, Washington, DC, for Plaintiff.

### MEMORANDUM OPINION

LEON, District Judge.

Defendant Gregory V. Jackson ("defendant") has filed a motion to suppress as the fruit of an illegal search all tangible evidence seized during a search conducted of himself and a neighboring backyard immediately following his arrest on April 1, 2003. The defendant contends that the evidence must be suppressed because the police lacked probable cause or reasonable suspicion to stop Mr. Jackson. After considering the defendant's motion, the government's opposition thereto, and the arguments of counsel made during a hearing before the Court on October 24, 2003, the Court hereby denies defendant's motion to suppress all tangible evidence seized during the search.

### BACKGROUND

In a seven-count superseding indictment [1] dated June 19, 2003, the defendant

---

**1.** The original indictment, dated September 5, 2002, charged the defendant with five counts: Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for One Year or More in violation of 18 U.S.C. § 922(g)(1); Unlawful Possession with Intent to Distribute Heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); Using, Carrying and Possessing a Firearm During a Drug Trafficking Offense in violation of 18 U.S.C. § 924(c)(1); Simple Possession of a Controlled Substance (cocaine base, or crack cocaine) in violation of 21 U.S.C. § 844(a); and Possession of an

is charged with two additional counts that are the focus of the defendant's current motion to suppress: Unlawful Possession with Intent to Distribute Heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); and Unlawful Possession with Intent to Distribute Heroin Within 1000 Feet of a School in violation of 21 U.S.C. §§ 860(a). Both charges are based on evidence seized immediately following the defendant's arrest on April 1, 2003.

Sergeant Richard Moats, of the Metropolitan Police Department, was the arresting officer in this case. At a suppression hearing before this Court on October 24, 2003, Sergeant Moats, the only witness called, provided the following description of the events of April 1, 2003 leading up to and immediately following the arrest of the defendant.

On April 1, 2003 at approximately 10:28 a.m., Sergeant Moats was on patrol near 19th Street and Benning Road, NE when he came upon the defendant talking to two other people in an area known to be an open-air drug market. Hr'g Tr. at 6–7. The defendant was holding objects in his hand and showing them to the other two people, one of whom was holding money. *Id.* at 7. Sergeant Moats parked his patrol car approximately 30 feet from the group and exited the vehicle, at which point all three individuals began walking in different directions. *Id.* Sergeant Moats called out that he wanted to talk to the three individuals; the defendant kept walking while the other two returned. *Id.* at 9. Sergeant Moats called out to the defendant again, and when he pulled out his radio to call for additional units for assistance, the defendant began to run away. *Id.* at 10. Sergeant Moats chased the defendant across Benning Road and into an alley, where he observed the defendant throw a plastic bag over the back fence of 702 19th Street, NE as he fled. *Id.* at 13. Shortly afterwards, Sergeant Moats caught the defendant, stopped him and placed him under arrest. *Id.* at 14. By then, other officers had arrived on the scene. One of those officers, Juan Wallace accompanied Sergeant Moats thereafter to the back of 702 19th Street to recover the plastic bag, while Officer Yusef Edwards remained with the defendant. Officer Wallace climbed the fence and recovered a clear sandwich bag containing 16 green ziplock bags of off-white powder, which tested positive for the opiate group. *Id.* at 15.

In the meantime, Officer Edwards conducted a search of the defendant's person incident to his arrest. *Id.* at 16. From the defendant's front left pants pocket, Officer Edwards recovered seven red ziplock bags of off-white powder which also tested positive for the opiate group. *Id.* at 16–17.

Defendant asks this Court to suppress all evidence seized in the course of his arrest on April 1, 2003. Because the Court finds that Sergeant Moats had probable cause to arrest the defendant, the defendant's motion is denied.

## ANALYSIS

 A search incident to a lawful arrest has been long established as one of the exceptions to the general requirement

Unregistered Firearm (a 12 gauge sawed-off shotgun) in violation of 26 U.S.C. § 5861(d). All the charges are based on evidence seized during the search of the apartment at 535 16th St. N.E. The defendant filed a motion to suppress the evidence related to those charges be suppressed because it was obtained without a proper search warrant, and in violation of 18 U.S.C. § 3109 and Rule 41(d) of the Federal Rules of Criminal Procedure. On July 16, 2003, this Court denied that motion, finding that probable cause existed for the warrant.

that the government obtain a warrant before conducting a search. *Robinson v. United States*, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973). Probable cause must have existed at the time that the search began and the discovery of evidence can not validate a search that was not legitimate at its inception. *Bailey v. United States*, 389 F.2d 305, 308 (D.C.Cir.1967). Probable cause exists where the arresting officers have "facts and circumstances within their knowledge" that are reasonably trustworthy and would " 'warrant a man of reasonable caution' in the belief that an offense has been or is being committed." *Draper v. United States*, 358 U.S. 307, 313, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959) (*quoting Carroll v. United States*, 267 U.S. 132, 162, 45 S.Ct. 280, 69 L.Ed. 543 (1925)).

 A review of the facts and circumstances known to Sergeant Moats at the time of the arrest, demonstrates that there was probable cause to believe that a criminal offense was being committed. *Draper*, 358 U.S. 307, 79 S.Ct. 329. Sergeant Moats' personal observation of what appeared, in his experience,[2] to be a narcotics sale located in an area known to be an open-air drug market supported reasonable suspicion sufficient to justify an investigative stop of the three individuals. *See Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20

L.Ed.2d 889 (1968). While, an individual has the right to refuse to cooperate with the police, *Florida v. Royer*, 460 U.S. 491, 103 S.Ct. 1319, 75 L.Ed.2d 229, (1983), "unprovoked flight is simply not a mere refusal to cooperate." *Illinois v. Wardlow*, 528 U.S. 119, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000). The Supreme Court held in *Wardlow* that a suspect's unprovoked flight from the police in an area known for heavy narcotics trafficking may justify stopping the defendant to investigate further. Together with Sergeant Moats' personal observation of what appeared in his experience to be a drug deal, these facts, at a minimum, justified an investigative stop, if not probable cause to arrest.[3] The additional fact that Sergeant Moats observed the defendant dispose of a clear plastic bag that appeared to contain narcotics by throwing it over a fence, removes any doubt that probable cause existed to support the arrest of defendant. Thus, the Court finds that the narcotics found on the defendant's person during a search incident to that arrest are admissible.

 Finally, with regard to the narcotics found in the neighboring backyard of 702 19th Street, NE, the Court also finds that those narcotics need not be suppressed. By throwing the plastic bag over a fence and onto someone else's property,

---

2. Sergeant Moats testified that he has been with MPD for 13 years and has participated in several thousand investigations leading to narcotics arrests. Hr'g Tr. at 4, 9.

3. Defendant argues that Sergeant Moats's observations from his patrol car did not provide the reasonable articulable suspicion sufficient to justify stopping the defendant, tainting everything that flowed from the initial approach. Hr'g Tr. at 29. However, not all interactions between police and citizens fall under *Terry*. Sergeant Moats was free to approach and speak to the individuals. "Only when the officer, by means of physical force

or show of authority, has in some way restrained the liberty of a citizen may we conclude that a 'seizure' has occurred." *Terry*, 392 U.S. at 20 n. 16, 88 S.Ct. 1868. There is no evidence in the record that the defendant submitted to Sergeant Moats' show of authority or did not feel free to leave such that he could argue that the initial interaction was improper. Regardless of whether Sergeant Moats would have been justified in effecting an investigative stop, defendant's unprovoked headlong flight from an area known for narcotics trafficking established the reasonable suspicion required to stop him.

the defendant effectively abandoned any interest in the bag. In so doing, he also gave up any expectation of privacy he may have had in the plastic bag. Indeed, it is well-settled in this Circuit that "a warrant-less search of abandoned property does not violate the fourth amendment." *See United States v. Most*, 876 F.2d 191, 196 (D.C.Cir.1989) (citing *Abel v. United States*, 362 U.S. 217, 241, 80 S.Ct. 683, 4 L.Ed.2d 668 (1960)). Accordingly, the narcotics found in that yard will not be suppressed.

## CONCLUSION

For the reasons set forth above, the Defendant's Motion to Suppress Evidence [Dkt. # 25] is DENIED.

SO ORDERED.